UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VASQUEZ, | 1: 08 CV 00662 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 15] |
| T. FELKER, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

Petitioner was found guilty in Kings County Superior Court of possessing a sharp instrument while confined in prison (Pen.Code § 4502(a)), and admitted committing a previous "strike" offense pursuant to California's "Three Strikes" law (§§ 667(b)-(I), 1170.12(a)-(d)). On May 17, 2005, the

trial court sentenced Petitioner to serve a term of eight years, to be served consecutively to his prior conviction, for a total of ten years.

Petitioner filed a direct appeal and on July 28, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. On September 12, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The court denied the petition on February 27, 2008.

Petitioner filed the present federal petition for writ of habeas corpus on April 8, 2008.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations.  Petitioner has not opposed or otherwise responded to the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On July 28, 2006, the California Court of Appeal affirmed Petitioner's judgment. Petitioner did not file a petition for review. The state appeal process therefore became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a petition for review expired forty days later, on September 6, 2006. California Rules of Court, rules 24(b)(1), 28(e)(1), 45; California Code of Civil Procedure, § 12a. The one-year limitations period began running the next day – September 7, 2006. Thus, absent tolling, the last day to file a federal habeas corpus petition was September 7, 2007.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005. In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

In the present case, Petitioner did not file any post-conviction collateral action within the limitations period.  His petition for writ of habeas corpus was filed in the California Supreme Court on September 12, 2007, five days after the limitations period expired.  Because the limitations period had already expired, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (petitioner is not entitled to tolling where the limitations period has already run).  Petitioner is therefore not entitled to statutory tolling.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.  The court's examination of the petition reveals no basis for equitable tolling in this case.

Based on the above, the court concludes that this petition for writ of habeas corpus is barred by the statute of limitations.

In light of the foregoing, the court HEREBY RECOMMENDS as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations;

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 3, 2008**              /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE